1  Linda A. King, Esq.  SBN. 087138
   LAW OFFICES OF LINDA A. KING & ASSOCIATES
2  2044 First Avenue, Suite 200
   San Diego, California 92101-2079
3  Telephone: (619) 233-8034
   Fax: (619) 233-4516
4
5  Attorney for Material Witness

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(Magistrate Judge Louisa Porter)**

| | |
|---|---|
| UNITED STATES OF AMERICA; | Criminal Case No: 08cr2484-JLS<br>Mag. Case No. 08mj2143-POR |
| Plaintiff, | **MOTION FOR MATERIAL WITNESS' VIDEOTAPED DEPOSITION** |
| vs. | |
| JESUS AVILA-SOLACHE, et al. | DATE: August 21, 2008<br>TIME: 3:30 pm |
| Defendant. | HON:  Honorable Louisa Porter |

TO UNITED STATES ATTORNEY KAREN P. HEWITT OR HER REPRESSENTATIVE, TO ATTORNEY, FEDERAL DEFENDERS FOR DEFENDANT (name of defendant): NOTICE IS HEREBY GIVEN that on August 21, 208    at  3:30, or as soon thereafter as the matter may be heard, in the courtroom of Honorable Louisa S. Porter of this court, located at 940 Front Street, San Diego,  California 92101,  Material Witness Juan Martinez-Rivera by and through their attorney of record, Linda A. King, will move the court for an order authorizing the videotaped deposition of the material witness.

The motion will be made on the ground that there is good cause for the order requested in that the material witnesses know of no sureties in this country who will bond them out of US Marshall's Custody

1
**MOTION FOR  MATERIAL WITNESS'S VIDEOTAPED DEPOSITION**

during the pendency of this matter. Neither the interests of justice nor the convenience of the parties and witnesses will be served by requiring the material witness to remain in Marshall's Custody until the matter is concluded.

Date: August 7, 2008

                                            S/Linda A. King
                                            Linda A. King
                                            Attorney for Material Witness

LINDA A. KING, ESQ, SBN 087138
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-8034
Fax: (619) 233-4516

Attorney for Material Witness

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

(Honorable Judge Porter)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JESUS AVILA-SOLACHE, et al.<br><br>　　　　　　Defendant. | Criminal Case No.: 08cr2484-JLS<br>Magistrate Case No.: 08mj2143-POR<br><br>**POINTS & AUTHORITIES IN SUPPORT OF MATERIAL WITNESS' MOTION FOR VIDEOTAPED DEPOSITION AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY**<br><br>Date: August 21, 2008<br>Time: 3:30 pm<br>Hon: Louisa Porter |

Material Witness Juan Martinez-Rivera (hereafter "Material Witness") by and their counsel, Linda A. King, submit the following Memorandum of Points and Authorities in support of their motion to take their videotape deposition.

**I**

**INTRODUCTION**

On or about July 14, 2008, the Material Witness was detained by the Immigration Service in connection with the arrest of Jesus Avila-Solache and Jesus Jimenez-Almarez, the defendants in the above-entitled case. The defendants have been charged with illegally bringing in undocumented aliens in violation of 8 U.S.C § 1324 and the Material Witness, who were in the car with the defendant at the time of this arrest, have been detained as a Material Witness,

- 1 -

POINTS & AUTHORITIES IN SUPPORT OF MAT WIT VIDEOTAPED DEPO

who were in the car with the defendant at the time of his arrest, have been detained as a Material Witness under § 1227 (d).

The Material Witness is being held at Metropolis Correctional Center. He is unable to locate anyone in this country to be his surety and post the bond, which would allow for his release.

It is unnecessary to keep the Material Witness in the United States because his testimony can be preserved through the use of videotape deposition. The Material Witness therefore request a court order that his testimony be preserved through the use of the videotape deposition and, thereafter, that they be allowed to return to his family in Mexico.

## II

### THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP MAT WIT IN CUSTODY

Title 18, section 3144 of the United States Codes Provides:

No material Witness may be detained … if the testimony of such witness can adequately be a deposition, and if further detention is not necessary to prevent a failure of justice.

While a witness may be detained for a reasonable period of time, the court must vigilantly guard and undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. See (Aguilar-Ayala v. Ruiz 973F. 2d.2d 411.419 [5th Cir 1992]). Deposition of Material Witness may be used at trial in criminal cases, so it is only *exceptional circumstances*, where the interests of justice will be denied, that a videotape deposition is not appropriate. See **Torres-Ruiz v. Untied States** 120 F.3d 933 (9th Cir 1997) [citing **Aguilar Avala v. Ruiz** 973 F.2d 411.413 (5th Cir 1992) **see also** 8 U.S.C.§ 1324 (d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedures 15.

Defendant may be present at the videotape deposition and therefore have full and fair opportunity to cross-examine the witness. The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. **Dutton v. Evans** 400 U.S. 74, 89 (1970).

The government of defendant can effectuate the detention of the material witness upon showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will be deny the defendant a fair trial and that live testimony would somehow be significantly different. See **Aguilar-Avala v. Ruiz** 973 F2d at 413 (5th Cir. 1992). **United States v. Humberto Rivera** 859 F.2d 1204, 1208 (4th Cir. 1988). That would be a difficult burden in this case, however, because the Material Witnesses have indicated they are willing to return for trial if the government makes arrangement for their legal re-entry into the country and provides travel expenses. (King's declaration at paragraph 6).

The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witness' testimony and trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien. (See, **United States vs. Efracio Torres** 890 F.2d 266, 270 (10th Cir. 1989) cert. Denied 494 U.S. 1008 (1990) [government need not guarantee the witness will be available, only that they use good-faith efforts to secure their presence at trial]: see also, Ohio vs. Roberts 448 U.S. 56, 65 (1980) [so long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Classy and hearsay objections]. The material Witness should not be detained because their testimony can be adequately secured by deposition. This is a very routine alien smuggling case. Based on interviews with the Material

- 3 -

1  Witness and the report submitted by the arresting agency, the facts to which the Material
2  Witness is competent to testify are straightforward. (King's Declaration as paragraph 5).

     For these reasons, the Material Witness request that the court immediately orders the taking of his videotape depositions and that material witness thereafter are immediately returned to Mexico.

### III

**IF THE COURT DENIES THE MAT WIT'S REQUEST TO TAKE HIS/SHE VIDEOTAPE. DEPOSITION, HE/SHE MAY REQUEST THAT THE GOVERNMENT PROVIDE HIM/HER WITH A STATEMENT OF REASONS WHY HE/SHE HAS TO REMAIN IN CUSTODY**

     Where a witness has been in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released with or without the taking of a deposition. Fed Rules Crim. Proc., Rule 46 (g).

     The Material Witness is not aware of the any reasons why they should remain in custody, but to the extent the government knows of any such reason, they hereby request that the government provide them with a copy of biweekly written report indicating these reasons.

### IV

### CONCLUSION

     For the forgoing reasons, the Material Witness respectfully request that the motion for the taking of a videotaped deposition be granted. In the alternative, the Witness requests that he immediately be provided with a statement of reasons why he needs to remain in custody.

Date: <u>August 7, 2008</u>　　　　　　　　　　/S/Linda A. King
　　　　　　　　　　　　　　　　　　　　Linda A. King
　　　　　　　　　　　　　　　　　　　　Attorney for Material Witness

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:08-cr-02484-JLS   Document 15-2   Filed 08/07/2008   Page 5 of 5

- 5 -

Linda A. King, Esq.  SBN. 087138
LAW OFFICES OF LINDA A. KING & ASSOCIATES
2044 First Avenue, Suite 200
San Diego, California 92101-2079
Telephone: (619) 233-8034
Fax: (619) 233-4516

Attorney for Material Witness

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**(Judge Louisa Porter)**

| | |
|---|---|
| UNITED STATES OF AMERICA; | Criminal Case No. 08CR2484-JLS <br> Mag. Case No. 08MJ2143-POR |
| Plaintiff, | **DECLARATION OF LINDA A. KING IN SUPPORT OF MATERIAL WITNESS MOTION FOR A VIDEOTAPE DEPOSITION** |
| vs. | |
| JESUS AVILA-SOLACHE, et al. | **DATE:  August 21, 2009** |
| Defendant. | **TIME:  3:30 pm** <br> **HON:  Louisa Porter** |

I the undersigned, declare as follows:

1. My name is Linda A. King, I am the attorney of record for Juan Martinez-Rivera, the Material Witness in the above captioned matter.  I am an attorney duly licensed to practice law in the State of California and am admitted to practice before the United States District Court for Southern District of California.

2. On July 16, 2008, I was appointed to represent the Material Witness in the above-captioned matter.  As a Material Witness attorney, one of my primary responsibilities is to help arrange the release of the Material Witness from the custody of the U.S. Marshall and INS as soon as possible.  To that end, I immediately conducted an interview with Material Witness to explain why he/she is being held and under what conditions he/she would be released.  I informed the

Material Witness that the most expedient way to be released is by having a personal surety post a court approved appearance bond. I explained that personal surety would have to agree to sign a $5,000.00 appearance bond, post an immigration bond, and agree to allow the Material Witness to stay with the surety pending final disposition of the case. Unfortunately, the witness, Juan Martinez-Rivera, does not know anyone who lives in the State of California who is willing and able to post bonds for the mat wit.

3. Witness Juan Martinez-Rivera has been in custody since July 14, 2008 with little or no possibility of meeting bond requirements as he/she knows no possible person who can serve as surety for him. To continue to hold him in custody creates a significant hardship which can be addressed by the scheduling of a video tape deposition

4. The Material Witness understands that his/her presence may be needed at time of trial and he is willing to return to San Diego from Mexico if and when he is needed. However, to hold this material witness in custody for what appears to be a prolonged period is creating an inhumane hardship on mat wit and his/her family.

5. I am not aware of any reason in this case why the Material Witness' testimony can not be adequately secured by deposition. Likewise, I have not been informed of any such reasons by either the government or defense attorney.

6. The Material Witness is more than willing to discuss everything he knows about this case with both defense and government investigators. The fact is, however, there are only a few facts relevant to this case which the Material Witness is competent to testify: i.e. (a) his citizenship, (b) who might have transported him, and (c) whether the witness agreed to pay anyone. According to preliminary interviews, all of the facts relevant to this case in the Material Witness' knowledge took place over a very short period of time.

7. I explained the general procedures for videotape to the witness and explained that if he were released after the deposition, he may have to return to testify at trial if subpoenaed by the government or defendant. The witness indicated his/her is willing to return if arrangement for legal re-entry could be made and travel expenses provided.

8. The material witness's petition the court to take his/her deposition and release him/her, as he/she speaks only Spanish. His/her family is forced to suffer during his/her detention and he/she would like to return home.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Diego, California on August 6, 2008.

                                                          S/Linda A. King  
                                                          Linda A. King  
                                                          Attorney for Material Witness

Case Name: United States of America vs. Jesus Avila-Solache, et al.
Venue: United States of District Court, Southern District of California
Case No. 08mj02143-CAB - 08cr02484-JLC

## PROOF OF SERVICE BY E-FILE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

    I am employed in the county of San Diego, State of California. I am over the age of 18 years, not a party to the within action. My business address is 2044 First Avenue, Ste., 200, San Diego, California 92101.

    On Augsut 7, 2008, I served the following documents described as:

**Motion & Order to Exonerate Mat Wit's Bond**

to the following parties who are currently on the list to receive e-mail notices for this case.

- **Charles Halligan Adair**
  adair.c@sbcglobal.net

- **Marc Xavier Carlos**
  mxlos@aol.com,bratty_77@yahoo.com

- **U S Attorney CR**
  Efile.dkt.gc2@usdoj.gov

**Manual Notice List:**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients:

(No manual recipients)

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 7, 2008, at San Diego, California.

                                                          s/Linda A. King
                                                          Linda A. King
                                                          Attorney for Material Witness